The judgment appealed from was founded upon an erroneous basis—the right to recover an amount equal to an assessment of $1 upon each member of the association living at the time of Breslow's death. More than this, there is no basis in the evidence or the findings of fact by the court for fixing any amount due the beneficiary under the by-laws of 1884, and therefore no judgment could be awarded in excess of the $432.16 conceded by the defendant.

The judgment should therefore be reversed, and a new trial granted, as before suggested.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event, upon questions of law only; the facts having been examined, and no error found therein. All concur, except SPRING, J., who dissents.

---

### DAVITT v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

MASTER AND SERVANT—PERSONAL INJURIES—ASSUMPTION OF RISK—EVIDENCE —SUFFICIENCY.

In an action by a servant for personal injuries, evidence *held* to show that plaintiff had assumed the risk of a defective ladder.

Appeal from Trial Term, New York County.

Action by John Davitt against the Metropolitan Street Railway Company. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Bayard H. Ames, for appellant.
John C. Robinson, for respondent.

INGRAHAM, J. The plaintiff was employed as a porter in a building owned and used by the defendant on Sixth and Seventh avenues and Fiftieth and Fifty-First streets. He had been in the employ of the defendant for nine years, and had been stationed in this building for about six years before the accident. Prior to the 24th day of April, 1902, the defendant had changed its motor power from cable to electricity, and a truckman employed by the persons to whom the defendant had sold the machinery theretofore used for its cable was engaged in removing it from the building. There was a cellar in the building, to which there were two stairways 50 or 60 feet apart that had been used by the employés of the defendant. The truckmen in removing this machinery had broken one of the stairways leading to the cellar, and some of their employés had placed an old ladder, that had been about the building for some time, in this opening. The superintendent of the defendant in charge of the building had been informed that the stairway was broken, and that this old ladder had been placed in the opening, but had not examined it, as he said that those who had to go into the cellar could use the other stairway. It seems that none of the defendant's employés were in the habit of going into the cellar, ex-

cept the plaintiff, who had a closet there in which he kept his clothes and some tools which he occasionally used. While the truckmen were at work in moving this old machinery, and this old ladder was in the opening, the plaintiff was instructed by the defendant's superintendent to break up some boxes, and, wishing to get some tools for that purpose, he started to go to the cellar and get them from the closet that he used there. He started down the opening in which the stairway had been broken, using the old ladder that had been placed there by the truckmen. The ladder broke, and he fell, sustaining the injuries for which he has received a verdict.

The case was submitted to the jury upon the theory that the defendant was bound to provide its employés with a safe place to work, and with safe appliances to do the work, and the jury was instructed that, if the defendant was negligent in the performance of its duty, the plaintiff was entitled to a verdict. At the end of the testimony the defendant moved to dismiss the complaint on the ground that no negligence was shown on its part, and upon the further ground that the plaintiff had not shown his own freedom from contributory negligence. This motion was denied, to which denial the defendant excepted. The plaintiff testified that he knew that this stairway had been broken, and that this old ladder, that had been about the building for some time, had been placed in the opening by one of the truckman's men. He did not testify that he did not know of the other stairway that was not broken, and which was a perfectly safe method in getting to the cellar; nor did he explain why he did not use the unbroken stairway instead of the ladder. He was not directed to go into the cellar, and it was not a part of his duty to go there, except to obtain tools to do the work he was instructed to do. There was no evidence that the defendant knew that he had tools there, or that to perform the work he was directed to do it was necessary to go into the cellar. This ladder was not placed in this opening by the defendant for the use of its employés; nor did the defendant have any reason to suppose that its employés would use this ladder, which had been placed in this opening to the cellar by the truckmen for their own use in moving the old machinery. The plaintiff knew as much about this ladder as any one. He knew that the stairway had been broken, and that the ladder had not been placed there by the defendant; and there is no evidence to sustain a finding that this ladder was supplied by the defendant for the use of its employés, or that they were justified in using it rather than the stairway that was provided to furnish access to the cellar, and which was perfectly safe. I think it clear that the defendant never authorized the use of this ladder by its employés, and that plaintiff, when he assumed to use it with the knowledge that he had of the existing conditions, assumed the risk of it being a safe means of access to the cellar, and that the defendant was not liable for its insufficiency.

It follows that the complaint should have been dismissed, and the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.